UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN HARMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:10CV1658 LMB |
| ) | |
| IAN WALLACE,[1] ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the court on the petition of Kevin Harman for a writ of habeas corpus under 28 U.S.C. § 2254.

### Procedural History

Petitioner is presently incarcerated at Southeast Correctional Center in Charleston, Missouri, pursuant to the sentence and judgment of the Circuit Court of St. Francois County, Missouri. See Respondent's Exhibit D at 60-61. On August 28, 2007, following a jury trial, petitioner was found guilty of assault in the first degree. See id. at 52. Petitioner was sentenced to life imprisonment. See id. at 60-61.

In his sole point raised on direct appeal of his convictions, petitioner argued that the trial court erred in failing to grant a directed verdict of acquittal at the close of all the evidence because the testimony of the prosecution's key witness was so conflicting and contradictory that it was not

---

[1] Ian Wallace is currently the Warden of Southeast Correctional Center. Consequently, Ian Wallace will be substituted for Jeff Norman as the proper party respondent in this action. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

substantial and cannot support the jury's verdict. See Respt's Ex. E. The Missouri Court of Appeals for the Eastern District affirmed petitioner's convictions on January 20, 2009. See Respt's Ex. G.

On March 31, 2009, petitioner filed a pro se motion to vacate, set aside, or correct the judgment of the Circuit Court of St. Francois County, Missouri, pursuant to Missouri Supreme Court Rule 29.15. See Respt's Ex. H at 4-26. On June 29, 2009, after appointment of counsel, petitioner filed an Amended Motion to Vacate, Set Aside, or Correct Judgment and Sentence and Request for Evidentiary Hearing. See id. at 28-53. Petitioner raised the following ineffective assistance of counsel claims: (1) trial counsel failed to object to Instruction 5, the verdict director for first degree assault; and (2) trial counsel failed to strike venireperson J. Boyer peremptorily or for cause. See id. On July 6, 2009, the motion court denied petitioner's motion for post-conviction relief in all respects. See id. at 54-57. Petitioner timely filed a notice of appeal from the denial of post-conviction relief. See id. at 60-62.

Petitioner raised two points on appeal from the denial of post-conviction relief. See Respt's Ex. I. Petitioner first argued that the motion court erred in denying his amended motion because trial counsel was ineffective in failing to object to Instruction 5, the verdict director for first degree assault. See id. Petitioner next argued that the motion court clearly erred in denying his motion for post-conviction relief because he received ineffective assistance of counsel when trial counsel failed to strike venireperson J. Boyer peremptorily or for cause. See id. The Missouri Court of Appeals for the Eastern District affirmed the motion court's denial of post-conviction relief on April 20, 2010. See Respt's Ex. K.

On September 7, 2010, petitioner, pro se, filed the instant petition for a writ of habeas corpus. (Doc. No. 1). Petitioner raises two grounds for relief. In his first ground for relief, petitioner argues that he received ineffective assistance of counsel when trial counsel failed to object

-2-

to Instruction Number Five, the verdict director for first degree assault. See id. In his second ground for relief, petitioner argues that he received ineffective assistance of counsel when trial counsel failed to strike venireperson J. Boyer peremptorily or for cause. See id. On December 21, 2010, respondent filed a Response to Order to Show Cause, in which he argues that petitioner's claims fail on their merits. (Doc. No. 5). On February 17, 2011, petitioner filed a Reply, in which he provides further argument in support of his claims. (Doc. No. 7).

## Facts[2]

The charge of assault arose out of an incident on July 4, 2006. On that day, in the early morning hours, officers arrived at an apartment and discovered Dwight Deadmond unconscious on the floor in a pool of blood. At that time, the injuries to Mr. Deadmond appeared to be potentially life threatening. Investigation revealed that two men and a woman had left the scene in a red Ford Probe.

Mr. Deadmond was taken to the hospital in a coma and was placed on ventilators. He was in a coma for approximately one month. Mr. Deadmond also suffered from other impairments as a result of his injuries.

After leaving Mr. Deadmond's residence, petitioner drove with Kayla Thomure and Merle Rector to the residence of Carl Hahn. While there, petitioner asked to borrow a gun from Mr. Hahn. Petitioner told Mr. Hahn that he needed to borrow a gun because he had gotten into it with a guy.

Afterwards, petitioner, Mr. Rector, and Ms. Thomure went to a restaurant. While at the restaurant, Mr. Rector made some vulgar sexual comments to Ms. Thomure, and petitioner got mad

---

[2]The court's summary of the facts is taken from respondent's "Summary of Case." (Doc. No. 5 at 2-4).

and started yelling at Mr. Rector. After they walked out of the restaurant, petitioner started a physical fight with Mr. Rector.

Officers were called out to that restaurant in response to a report of that disturbance. When officers arrived on the scene, the officers observed two men and a woman in a red Ford Probe. The vehicle was stopped, and the individuals inside were identified as petitioner, Mr. Rector, and Ms. Thomure. Mr. Rector had Mr. Deadmond's I.D. inside a wallet in his back pocket.

Officer Chris Bullock observed that petitioner had blood on his face and an injury to his hand. Petitioner was initially taken to the hospital for treatment, and then taken to the police station. While being transported to the police station, petitioner indicated that "My girlfriend had her friends mouthing. I'm a man of actions, not words..." and that he had hit the person who was mouthing.

Later, at the police department, Officer Jason Stacy interviewed petitioner. Petitioner stated that Mr. Deadmond was making sexual advances at Ms. Thomure and was being pretty graphic. According to what petitioner told Officer Stacy, during this conversation, Mr. Deadmond asked Ms. Thomure about having sex. When Ms. Thomure declined, Mr. Deadmond made some statement about assaulting her. Petitioner told Officer Stacy that he is a man of few words who resolves his problems with his fists.

Mr. Rector testified that he observed petitioner striking Mr. Deadmond.

### Discussion

**A.    Standard of Review**

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any

>claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
>>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed Section 2254(d) in <u>Williams v. Taylor</u>, 529 U.S. 362 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if the state court "decides a case differently than [the] Court has on a set of materially indistinguishable facts." 529 U.S. at 405. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." <u>Id.</u> Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." <u>Id.</u> at 410. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." <u>Id.</u> at 410.

**B.     Petitioner's Claims**

As previously stated, petitioner raises two ground for relief. The undersigned will discuss each ground for relief in turn.

-5-

**1.     Ground One**

In his first ground for relief, petitioner argues that he received ineffective assistance of counsel when trial counsel failed to object to Instruction Number Five, the verdict director for first degree assault. Petitioner contends that the instruction did not include the second paragraph of MAI CR 319.02, which requires the jury to find that petitioner "did not act under the influence of sudden passion arising out of adequate cause." Petitioner argues that the evidence supported including this paragraph because the victim made sexual advances and threatened to sexually assault Ms. Thomure.

Petitioner raised this claim in his post-conviction relief motion, and in his appeal from the denial of post-conviction relief.

The Missouri Court of Appeals held as follows:

> As the motion court correctly observed, it is well-settled under Missouri law that "words alone, no matter how opprobrious or insulting, are not sufficient to show adequate provocation" to invoke the "sudden passion" instruction. State v. Redmond, 937 S.W.2d 205, 208 (Mo. banc 1996). [Petitioner] contends, however, that Mr. Deadmond's statements went beyond words and constituted a threat to [petitioner's] girlfriend. In support of his position, [petitioner] cites State v. Richards, 795 S.W.2d 428 (Mo. App. 1990). There, this court found "sufficient evidence of sudden passion arising from adequate cause" where a fight between the defendant and victim occurred the day after the victim offered to have sex with the defendant's girlfriend for $25. Id. at 431. [Petitioner] suggests that the victim's insult alone was sufficient provocation for the Richards court to uphold the "sudden passion" instruction. We disagree. In Richards, while the victim's comment may have started the argument, the parties were engaged in a physical fight when the defendant pushed the victim into the river. Id. at 435. See also State v. Deckard, 18 S.W.3d 495, 500 (Mo.App. 2000) (discussing Richards for the proposition that a "sudden passion" instruction cannot arise solely as a result of former provocation).
>
> Here, in contrast, the record indicates that [petitioner] assaulted Mr. Deadmond in reaction to his words alone. Though [petitioner] claims that Mr. Deadmond leveled a threat against [petitioner's] girlfriend, the record lacks any indication that [petitioner] or his girlfriend truly feared an immediate assault by Mr. Deadmond. Rather, the record demonstrates that [petitioner], a self-proclaimed "man of action, not words," intended to put an end to Mr. Deadmond's "mouthing off" by giving him an "attitude adjustment." "Where Missouri courts have found sudden passion during confrontations there has been evidence of weapons being brandished and/or other minor contact combined with an exchange of words that would create a fear of great bodily harm in the defendant." State

> v. Burks, 237 S.W.3d 225, 228 (Mo.App. S.D. 2007). The record before us here does not illustrate such circumstances. The motion court's findings and conclusions are not clearly erroneous. And because [petitioner] alleges facts that, even if true, would not warrant relief, no hearing was required. Point denied.

Respt's Ex. K at 3-4.

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that her attorney failed to exercise the degree of skill and diligence a reasonably competent attorney would exercise under similar circumstances, and additionally, the petitioner must show that she was prejudiced by her attorney's action or inaction. See Strickland v. Washington, 466 U.S. 668, 687 (1984). A petitioner must show that "counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment." Id. "Prejudice" is shown by a petitioner when it is demonstrated that there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. Id. at 694. A "reasonable probability" is defined as a probability sufficient to undermine confidence in the outcome. Id. The petitioner must not only assert prejudice, but must affirmatively prove that prejudice was present. See id. at 693. A habeas petitioner "must overcome the strong presumption that in the circumstances of his case 'the challenged action might be considered sound trial strategy.'" Seehan v. State of Iowa, 72 F.3d 607, 611 (8th Cir. 1995) (quoting Strickland, 466 U.S. at 689).

The State court performed a proper Strickland analysis and found that petitioner's claim lacked merit. The Court held that, under Missouri law, words alone are insufficient provocation to invoke the "sudden passion" instruction. "Determinations of state law made by a state court are binding on a federal court in habeas proceedings." Lupien v. Clarke, 403 F.3d 615, 619 (8th Cir. 2005) (citing Bounds v. Delo, 151 F.3d 1116, 1118 (8th Cir. 1998)). "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting

-7-

habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

The Missouri Court of Appeals found that, because petitioner assaulted the victim based on the victim's words alone, there was insufficient provocation to invoke the "sudden passion" instruction. The record supports this finding. Petitioner indicated that the victim was making sexual advances at Ms. Thomure and that petitioner was a "man of little words" who resolves his problems with his fists. Respt's Ex. C at 281. Because the evidence was insufficient to warrant the submission of the defense of sudden passion, an objection to the instruction would have been meritless. Petitioner is, therefore, unable to demonstrate prejudice from defense counsel's failure to make a meritless objection.

Accordingly, petitioner's first ground for relief will be denied.

**2.   Ground Two**

In his second ground for relief, petitioner argues that he received ineffective assistance of counsel when trial counsel failed to strike venireperson J. Boyer peremptorily or for cause based on his statements during voir dire and his misconduct of greeting a defense witness by striking knuckles.

Petitioner points to several of Mr. Boyer's responses during voir dire. First, when asked by the State whether anyone had been a victim of a crime, Mr. Boyer stated that he had been hijacked at gunpoint. Respt's Ex. B at 116. Mr. Boyer initially indicated that this experience would "probably" affect his ability to sit and listen to the evidence in petitioner's case. See id. Mr. Boyer then stated that he would not be more sympathetic to the victim, and that he would be able to "give [petitioner] a fair shake." Id. at 117. Second, Mr. Boyer indicated that he had been arrested for assault, but the charge was dropped. See id. at 117-18. When asked whether this experience would

affect his ability to be fair and impartial, Mr. Boyer stated, "[i]t shouldn't." Id. at 118. Mr. Boyer subsequently indicated that he would not be more biased towards petitioner. See id. Third, during defense counsel's questioning, Mr. Boyer indicated that he agreed with another venireperson's statement that if six police officers testified against petitioner, petitioner must have done something. See id. at 125. Finally, when defense counsel asked whether any of the venirepersons were "related to somebody in law enforcement or good friends with somebody in law enforcement," Mr. Boyer raised his hand. See id. at 126.

Defense counsel considered striking Mr. Boyer for cause based on his statement regarding police witnesses but ultimately decided against striking Mr. Boyer. See id. at 152-55.

Petitioner also claims that Mr. Boyer engaged in juror misconduct. After the jury was impaneled and a lunch recess was held, the bailiff advised the court and the attorneys that she observed Mr. Boyer greet one of the defense witnesses by striking knuckles. See id. at 170-71. Neither party asked for a remedy. See id. at 173. Defense counsel stated that he spoke with his witness, and the witness indicated that Mr. Boyer was only an acquaintance and not a close friend. See id. at 172. Defense counsel also indicated that he did not know whether he would call this witness, and that his testimony would not be significant. See id.

Petitioner raised this claim in his post-conviction relief motion, and in his appeal from the denial of post-conviction relief. The Missouri Court of Appeals held as follows:

> To prevail on a claim of ineffective assistance of counsel for failing to strike venire members, a movant must show that a juror who was actually biased sat on the jury. State v. Davis, 963 S.W.2d 317, 330 (Mo.App. 1997). When alleging prejudice toward a defendant, it must clearly appear from the evidence that the venireperson was in fact prejudiced. Hightower v. State, 43 S.W.3d 472, 476 (Mo.App. 2001). As the motion court noted, the record refutes [petitioner's] allegation that Mr. Boyer was biased against, or prejudiced toward, [petitioner]. During *voir dire*, Mr. Boyer agreed that police could be wrong, and he confirmed that he was not more sympathetic to the victim, he was willing and "able to give the defendant a fair shake," and despite the "difficulties in this case" he would "be able to be fair."

-9-

> The record further reflects that [petitioner's] counsel specifically considered Mr. Boyer's acquaintance with a defense witness and concluded that it was not problematic. The decision whether to challenge a juror is a matter of reasonable trial strategy. Id. Trial counsel is afforded wide latitude as to matters of trial strategy, and a movant must overcome a strong presumption that the conduct of counsel was reasonable. Id. [Petitioner] cannot overcome that strong presumption on this record.
>
> The findings and conclusions of the motion court are not clearly erroneous. And because [petitioner's] factual speculations are refuted by the record, no hearing was required. Point denied.

Respt's Ex. K at 5.

To prevail on a claim of ineffective assistance of counsel based on trial counsel's failure to strike a biased juror, a habeas petitioner must show that the juror was actually biased against him. Goeders v. Hundley, 59 F.3d 73, 75 (8th Cir. 1995) (citing Smith v. Phillips, 455 U.S. 209, 215 (1982)).

The Court finds that the State courts' adjudication of this claim was legally and factually reasonable. The record supports the finding of the Missouri Court of Appeals that, while Mr. Boyer's initial responses were equivocal in some instances, he ultimately indicated that he could be fair. With regard to Mr. Boyer's interaction with the defense witness, defense counsel was aware of this incident and determined that it was not problematic as the witness was a mere acquaintance of Mr. Boyer's. Further, the fact that Mr. Boyer was friendly toward a defense witness does not demonstrate bias against petitioner. Petitioner has failed to demonstrate that Mr. Boyer was actually biased against him. Consequently, counsel was not constitutionally ineffective in failing to strike Mr. Boyer.

Accordingly, petitioner's second ground for relief will be denied.

## C. **Certificate of Appealability**

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. See 28 U.S.C. § 2253(c)(2); Hunter v. Bowersox, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable

among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). In this case, petitioner has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, no certificate of appealability shall be issued.

## ORDER

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254 be **denied** and be **dismissed with prejudice** by separate judgment entered this date.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that petitioner be denied a certificate of appealability if petitioner seeks to appeal this judgment of dismissal.

Dated this 19th  day of August, 2013.

_/s/ Lewis M. Blanton_
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE